# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SARAH RAWLINS, individually and as Administrator of the estate of Aubrey Rawlins, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| SELECT SPECIALTY HOSPITAL OF NORTHWEST INDIANA, INC., | ) ) | Case No. 13 C 7557 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Sarah Rawlins brought this action pro se against defendant for medical malpractice related to her husband's death. Before the court is Defendant Select Specialty Hospital of Northwest Indiana, Inc.'s motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Select asks this court to dismiss the claim for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The court concludes that Rawlins cannot establish personal jurisdiction over Select. Accordingly, the court dismisses the complaint under Rule 12(b)(2).

## I. BACKGROUND

This is the second case Rawlins has brought against Select in this court for medical malpractice related to her husband's death. Rawlins filed the first case in this court on August 4, 2009. On March 8, 2010, the court dismissed Rawlins's amended complaint for failure to establish personal jurisdiction over Select. There, the court wrote:

Defendant is incorporated in Missouri and based in Hammond, Indiana. Defendant's chief executive officer avers that defendant owns no assets in Illinois, and transacts no business in this state. That affidavit also makes clear that all of the medical care giving rise to the plaintiff's claim took place at the defendant's facility in Indiana, and the Complaint does not allege any facts suggesting otherwise. . . .

Sitting in diversity, this court applies the personal jurisdiction rules of Illinois, the forum state. *Daniel J. Hartwig Assocs., Inc. v. Kramer*, 913 F.2d 1213, 1216 (7th Cir. 1990). Illinois allows for general jurisdiction pursuant to its long-arm statute, and specific jurisdiction over persons engaging in certain conduct for suits arising from that conduct. *See* 735 Ill. Comp. Stat. 5/2-209(a) & (c). There are no facts suggesting that, whatever defendant's geographical proximity to this court, it has engaged in any conduct that would subject it to jurisdiction here. The burden is plaintiff's to establish personal jurisdiction, *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998), and plaintiff has failed to do so. Her amended complaint is therefore dismissed for lack of personal jurisdiction.

*Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, No. 1:09-cv-04753, ECF No. 21.

Subsequently, on April 7, 2010, the parties agreed to transfer the case to the Northern District of Indiana. The case proceeded in that court, but on September 13, 2012, Rawlins filed a motion to transfer her case back to the Northern District of Illinois. The Northern District of Indiana denied the motion without prejudice. On October 26, 2012, Rawlins filed a notice of voluntary dismissal, and the Northern District of Indiana dismissed the case without prejudice on December 4, 2012.

Rawlins now returns to this court with a complaint containing identical allegations of medical malpractice as the amended complaint from her first suit. Select moves to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6) or in the alternative, for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(3), or improper venue, Fed. R. Civ. P. 12(b)(3).[1]

---

[1] The court has not addressed the issue of collateral estoppel because neither party has raised it.

## II. MULTIPLE MOTIONS UNDER RULE 12(B)

Pursuant to Fed. R. Civ. P. 12(g)(2), Select must consolidate its Rule 12(b) defenses into one motion rather than raise them seriatim. Select has done so, asking the court to evaluate its 12(b)(6) motion as the "primary" motion, and to evaluate the 12(b)(2) and the 12(b)(3) motions as alternative arguments. The court cannot evaluate the 12(b)(6) motion before discussing the 12(b)(2) motion.

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), the Supreme Court considered an approach adopted by some federal circuit courts called the "doctrine of hypothetical jurisdiction." *Id.* at 94. Under that doctrine, courts would "proceed immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Id.* at 93. The Supreme Court rejected the doctrine, reaffirming that jurisdiction is a threshold requirement that must be satisfied before a court can pass judgments on the merits. *Id.* at 94 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

*Steel Co.* involved a party filing motions to dismiss under Rules 12(b)(6) and 12(b)(1) (lack of subject-matter jurisdiction). But its logic applies with equal force to a motion to dismiss under Rule 12(b)(2) (lack of personal jurisdiction). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577-78 (1999) (noting that there is "no unyielding jurisdictional hierarchy" requiring a

court to consider subject-matter jurisdiction before personal jurisdiction, but emphasizing *Steel Co.*'s holding that jurisdictional issues must be decided before merits issues).

The court must satisfy itself that it can exercise personal jurisdiction over Select before it addresses the merits of the case. Accordingly, the court must consider Select's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) before it can address the Rule 12(b)(3) and Rule 12(b)(6) motions. If the court determines that it lacks personal jurisdiction over Select, it would be improper for this court to reach the merits of the case.

### III. LEGAL STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(2)

When a defendant moves for dismissal under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Citadel Grp., Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). If no evidentiary hearing is held and the motion is decided on written materials submitted by the parties, as is the case here, the plaintiff must make only a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (internal citations and quotation marks omitted).

Personal jurisdiction may be general or specific. General jurisdiction is available when the defendant's contacts with the forum state are "continuous and systematic," even when the suit in question does not arise out of those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is appropriate when the suit at issue arises out of the defendant's contacts with the forum. *Id.* at 414 & n.8.

A federal court exercising diversity jurisdiction has personal jurisdiction over a party only if a court of the state in which it sits would have such jurisdiction. *Philos Techs., Inc. v.*

*Philos & D, Inc.*, 645 F.3d 851, 855 n.2 (7th Cir. 2011) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)). Illinois allows for general jurisdiction pursuant to its long-arm statute, and specific jurisdiction over persons engaging in certain conduct for suits arising from that conduct. *See* 735 Ill. Comp. Stat. 5/2-209(a) & (c).

The Due Process Clause of the Fourteenth Amendment prevents a state from exercising personal jurisdiction over a defendant unless the defendant has had "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A state has an interest in providing its residents with a forum for redressing harms caused by an out-of-state actor that has "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The defendant's contacts with the forum state must be such that it could "reasonably anticipate being haled into court there." *Id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

## IV. ANALYSIS

Rawlins bears the burden of showing that the court can exercise personal jurisdiction over Select. But Rawlins fails to satisfy the burden on the basis of specific or general personal jurisdiction. Accordingly, the court grants Select's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Illinois's long-arm statute provides that a court may exercise specific personal jurisdiction over a party that commits one of fourteen enumerated acts. 735 Ill. Comp. Stat. 5/2-

209(a).  Rawlins argues that "Plaintiff has committed at least seven (7) of these under that law."

(Pl.'s Response 12, ECF No. 21).  Because Rawlins proceeds pro se, the court construes her

pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Doing so, the

court assumes that Rawlins meant to say that *Defendant* has committed at least seven of the acts

from the statute.  Whether *Rawlins* has committed those acts is irrelevant to whether this court

can exercise specific personal jurisdiction over Select.

Thus, the court must determine whether Select has committed any of the fourteen

enumerated acts listed in Illinois's long-arm statute.  Rawlins's response brief does not specify

which of the fourteen acts she believes Select committed.  The fourteen acts are:

> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State;
>
> (3) The ownership, use, or possession of any real estate situated in this State;
>
> (4) Contracting to insure any person, property or risk located within this State at the time of contracting;
>
> (5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;
>
> (6) With respect to actions brought under the Illinois Parentage Act of 1984, as now or hereafter amended, the performance of an act of sexual intercourse within this State during the possible period of conception;
>
> (7) The making or performance of any contract or promise substantially connected with this State;
>
> (8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;

(9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;

(11) The breach of any fiduciary duty within this State;

(12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;

(13) The ownership of an interest in any trust administered within this State; or

(14) The exercise of powers granted under the authority of this State as a fiduciary.

735 Ill. Comp. Stat. 5/2-209(a) (footnote omitted). The plaintiff has not pointed to, and the court cannot independently find, any indication that Select committed any of these fourteen acts. Select's chief executive officer submitted an affidavit stating that Select has no assets and transacts no business in Illinois and that all care and treatment of Rawlins's husband took place in Indiana. Rawlins does not allege that Select committed a tort in Illinois, and the remaining acts do not apply to Rawlins's suit.

Once Select submits an affidavit indicating it did not commit any of the acts listed in Illinois's long-arm statute, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.13 (7th Cir. 2003) (internal quotation marks omitted). Rawlins's response asserts "that the Defendant has been doing business in Illinois, for many years," but Rawlins presents no evidence indicating this to be the case. (Pl.'s Response at 1, ECF No. 21). This

conclusory assertion is insufficient to carry Rawlins's burden to "*produce* evidence supporting jurisdiction" under *Purdue*. *Id.* (emphasis added).

Rawlins also argues that her deceased husband was transferred to Select by an Illinois hospital. But Rawlins does not allege that Select was responsible for the transfer. Nor does Rawlins explain how her husband's transfer from an Illinois hospital to Select indicates that Select performed one of the fourteen acts required by Illinois's long-arm statute.

The court concludes now, as it did in Rawlins's original case, that it cannot exercise specific personal jurisdiction over Select. The court must then determine whether Rawlins demonstrates that the court can exercise general personal jurisdiction over Select. General personal jurisdiction applies when a court "exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984).

General jurisdiction is available when the defendant's contacts with the forum state are "continuous and systematic," even when the suit in question does not arise out of those contacts. *Id.* at 416. "To determine whether the contacts of the defendant are sufficiently systematic and continuous, courts analyze the nature as well as the substantiality of the defendant's contacts with the forum state such as [1] whether and to what extent the defendant conducts business in the forum state, [2] whether the defendant maintains an office or employees within the forum state, [3] whether the defendant sends agents into the forum state to conduct business, [4] whether the defendant advertises or solicits business in the forum state, and [5] whether the defendant has designated an agent for service of process in the forum state." *Genocide Victims of Krajina v. L-3 Servs., Inc.*, 804 F. Supp. 2d 814, 819-20 (N.D. Ill. 2011). No individual factor is dispositive, and each case requires the court to determine whether "'under all the

circumstances, it would be fair to subject a defendant to the jurisdiction of the Illinois courts.'"
*ACUITY v. Roadtec, Inc.*, No. 13-cv-6529, 2013 WL 6632631, at \*4 (N.D. Ill. Dec. 16, 2013)
(quoting *Alderson v. Southern Co.*, 747 N.E.2d 926, 941 (Ill. App. Ct. 2001)).  For a court to
exercise general personal jurisdiction over an out-of-state resident, the contacts must be
"significantly higher" than the threshold level of minimum contacts needed for specific
jurisdiction.  *Purdue*, 338 F.3d at 787.

Rawlins alleges that two of these five factors are present.  First, Rawlins alleges that
Select conducts business in Illinois.  But as noted previously, Select's chief executive officer
submitted an affidavit averring that Select does no business in Illinois.  With this affidavit, the
burden shifts back to Rawlins to submit evidence showing that Select conducts business in
Illinois.  *Purdue*, 338 F.3d at 783 n.13.  Because she presents none, the court does not weigh this
factor in favor of exercising general personal jurisdiction over Select.

Second, Rawlins asserts that Select has a registered agent in Chicago for process service.
Select does not deny this allegation, but the court finds that the mere presence of one individual
in Illinois to accept process does not rise to the level of "continuous and systematic" contacts
needed for the court to exercise general jurisdiction over Select.  Other states construing
analogous long-arm statutes have reached the same conclusion. *E.g.*, *Corchet v. Wal-Mart
Stores, Inc.*, Civ. No. 6:11-01404, 2012 WL 489204, at \*4 (W.D. La. Feb. 13, 2012) (general
jurisdiction cannot be founded solely on the presence of an agent for service of process); *Davis v.
Quality Carriers, Inc.*, Nos. 08-4533(SRC), 08-6262(SRC), 2009 WL 3335860, at \*3 (D.N.J.
Oct. 15, 2009) (presence in Pennsylvania of a Canadian corporation's registered agent for service
of process is insufficient to convey general personal jurisdiction over the corporation in
Pennsylvania); *Hodges v. Deltic Farm & Timber Co., Inc.*, Civ. A. No. 90-3998, 1991 WL

42577, at *2 (E.D. La. Mar. 28, 1991) (presence of agent for service of process in Eastern District of Louisiana does not constitute "continuous and systematic contacts" with the district); *see also Palmer v. Kawaguchi Iron Works, Ltd.*, 644 F. Supp. 327, 331 (N.D. Ill. 1986) ("[T]he mere presence of a single representative of a corporation who is limited to one type of activity does not ordinarily confer jurisdiction over the corporation as to matters unrelated to those activities."). Therefore, the court concludes that it cannot exercise general personal jurisdiction over Select.

Rawlins asks this court to give her "the opportunity to conduct jurisdictional discovery, monitored by the Court, to determine more information about the specifics of the Defendants' contacts with Illinois, in general and specifically, as related to the Plaintiff's claims" rather than dismiss her complaint (Pl.'s Response at 1, ECF No. 21). The court declines Rawlins's request.

Before this court can award jurisdictional discovery, "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction." *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Rawlins fails to make such a prima facie showing. In this analysis, Rawlins "is entitled to the resolution in [her] favor all disputes concerning relevant facts presented in the record." *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (internal quotation marks omitted).

Although Rawlins asserts that Select conducts business in Illinois, her allegation is conclusory and unsupported. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless, P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (indicating that plaintiff must allege some facts supporting a prima facie showing of personal jurisdiction before being entitled to jurisdictional discovery). Select's chief executive officer's affidavit contradicts Rawlins's assertion, and Rawlins has not

meaningfully contradicted the affidavit. *See id.* ("[B]ecause 'plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for . . . [jurisdictional] discovery . . . must be denied.'") (quoting *Poe v. Babcock Int'l, plc,*, 662 F. Supp. 4, 7 (M.D. Pa. 1985)).

Rawlins is entitled to resolution of fact disputes in her favor, and the court construes Rawlins's filings liberally because she proceeds pro se. Nevertheless, Rawlins has not made out a prima facie case for personal jurisdiction, so she is not entitled to jurisdictional discovery. *See Reimer*, 230 F.3d at 946. With regard to Select conducting business in Illinois, Rawlins's allegation is conclusory: "Defendant continues to deny doing business in Illinois. Plaintiff asserts that the Defendant been doing business in Illinois, for many years." Had Rawlins cited facts indicating that Select operates in Illinois (for example, that Select has a patient intake center in Chicago or advertises on a billboard in Rockford), the court would have been more inclined to grant jurisdictional discovery. But merely alleging a conclusory statement cannot entitle a plaintiff to obtain discovery. Accordingly, Rawlins's request for jurisdictional discovery is denied.

## V. CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction is granted. "Given the Court's holding regarding the threshold issue of personal jurisdiction over Defendant[], the Court need not and should not reach Defendant['s] other motions." *LaSalle Bus. Credit, L.L.C. v. GCR Eurodraw S.p.A.*, No. 03 C 6051, 2004 WL 1880004 (N.D. Ill. Aug. 18, 2004).

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 23, 2014